**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01723-WJM-KLM

JANET ROSETTA SCHOCKNER, an individual d/b/a ROSETTA SCULPTURE,

    Plaintiff,

v.

PARVIS NOGHREY, an individual
THINKBRONZE LLC, and
"MILO", an artist whose true name is unknown

    Defendants.
_____

**ORDER GRANTING STIPULATED MOTION FOR ENTRY OF
STIPULATED INJUNCTION AND DISMISSAL**
_____

This matter comes before the Court on the Stipulated Motion for Entry of Stipulated Injunction and Dismissal With Prejudice filed October 21, 2011 by Plaintiff Janet Rosetta Schockner and Defendants Parvis Noghrey and ThinkBronze LLC (jointly the "ThinkBronze Defendants") (ECF No. 11).

The Court having reviewed the record and the Motion hereby GRANTS the Motion and ORDERS as follows:

    1.    An injunction by consent is hereby entered in favor of Plaintiff and against the ThinkBronze Defendants permanently restraining and enjoining Parviz Noghrey, ThinkBronze LLC, and Parviz Noghrey doing business as EuropeanBronze, Think_Bronze, European_Art_Dealer, bronzefineartstatues, BronzeDeal, you_got_a_gift, LandmarkOneGallery and in any other capacity, and all of the

ThinkBronze Defendants' partners, officers, directors, agents, servants, affiliates, employees, board members, parent and/or subsidiary corporations, and/or representatives from directly or indirectly infringing Plaintiff's copyrights in any manner in any works of Janet Rosetta Schockner, pseudonym "Rosetta", as depicted on her website [www.rosettasculpture.com.](www.rosettasculpture.com.)

    2.    Within five business days after the execution of this Stipulated Injunction by all parties the ThinkBronze Defendants will:

        a.    Disclose to Plaintiff, through Plaintiff's counsel, all information reasonably available to them regarding the identity, location, principals, contact information, sales catalogs, web sites and business operations of the artist known as "Milo";

        b.    Deliver to Plaintiff's counsel on behalf of Plaintiff the sum of $5,000.00; and

        c.    Ship, at their cost, all remaining inventory of the alleged infringing works of art, as identified in the Complaint, in their possession to Plaintiff's counsel.

    3.    In the event Plaintiff contends that any article sold by the ThinkBronze Defendants in the future infringes any of her copyrights, prior to taking any legal action Plaintiff first shall provide notice to the ThinkBronze Defendants at the e-mail and mailing addresses (via certified mail) shown below of her contention together with a copy of any applicable copyright registration and copyrighted specimen. Within seven

days of sending such notice, if the ThinkBronze Defendants have not ceased selling the item in question, or otherwise evidence their intent to contest Plaintiff's contention, Plaintiff may initiate legal action based on such contention and reserves all rights and remedies available to her.

>Notification to ThinkBronze Defendants via e-mail:
>
>to:electericdad@aol.com with cc to: tgetzoff@hollandhart.com;
>
>j.freiberger@nylawfirm.com
>
>Notification to ThinkBronze Defendants via certified mail to:
>
>101 Main Street, Mineola, New York, 11501
>
>The ThinkBronze Defendants may provide Plaintiff with updated or new e-mail or mailing addresses from time to time as necessary.

4. The claims against Defendants Parviz Noghrey and ThinkBronze LLC are hereby DISMISSED WITH PREJUDICE subject to the terms of this Order, including the Permanent Injunction set forth above;

5. In the event a dispute arises relating to the Stipulated Injunction the prevailing party in any such action will be entitled to an award of reasonable attorney's fees and costs.

6. Pursuant to and with the consent of Plaintiff, the claims asserted against Defendant Milo are hereby DISMISSED WITHOUT PREJUDICE; and

7 The Clerk shall forthwith enter Judgment in conformity wth this Order.

Dated this 9th day of December, 2011.

BY THE COURT:

_____
William J. Martinez
United States District Judge